IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WAYNE ALLEN FENDER,<br>DONNA MARIE PULOUS,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBORAH APPLE, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO. 4:15-cv-91<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on the Petition to Proceed Without Pre-Payment of Fees or Costs, filed by pro se Plaintiff, Wayne Fender, on October 16, 2015 (DE #2); and the Motion to Proceed in Forma Pauperis, filed by pro se Plaintiff, Donna Pulous, on September 9, 2016 (DE #7). For the reasons set forth below, the motions (DE ##2, 7) are both **DENIED** and the amended complaint (DE #5) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The two plaintiffs in this case, Wayne Fender and Donna Pulous, filed a motion for leave to proceed in forma pauperis on October 16, 2015 (DE #2). With regard to pro se Plaintiffs' request to proceed IFP, the IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. *See* 28 U.S.C. section 1915(a)(1); *see also Denton v. Hernandez*, 504

U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the in forma pauperis application. *See Smith-Bey*, 841 F.2d at 757.

District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under section 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

In a lengthy order dated May 25, 2016, this Court noted that only Fender filed a petition to proceed in forma pauperis. The form specifically states "[i]f there is more than one plaintiff, each of you must complete a separate form." (AO 239.) As such, this Court ordered Pulous to file a petition to proceed without pre-payment of fees and costs. Pulous filed a motion for leave to proceed in forma pauperis on September 9, 2016 (DE #7). The

financial prong has been met; however, the Court finds the suit does not have sufficient merit to continue.

Plaintiffs originally filed a complaint on October 16, 2015 (DE #1).  This Court struck the complaint, finding it was difficult to understand and discern the causes of action, it contained a laundry list of laws which were violated without specifying in a straightforward manner the factual legal basis for each claim; and that ultimately, it did not satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2).[1]  (DE #4 at 2-5.)  The Court granted Plaintiffs leave "to file a single amended complaint which complies with the requirements of Rule 8."  (DE #4 at 3.) Moreover, the Court cautioned Plaintiffs that the amended complaint needed to contain a short and plain statement of what happened to Plaintiffs to give rise to their claims, and that they should state when the events occurred and clearly explain how each defendant was involved with each claim they are raising against that defendant. (DE #4 at 3-4.) The Court also cited case law to Plaintiffs, stating the amended complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."

---

[1] Plaintiffs have been informed of Rule 8's requirements multiple times in their multiple filings.  Plaintiffs filed similar complaints in two other matters that were consolidated before this Court, *Fender v. Sailors*, No. 4:14-cv-61, 2015 WL 1510195, at *3 (N.D. Ind. Mar. 31, 2015).  This Court dismissed the federal claims with prejudice in that case. *Fender v. Peters*, 4:14-cv-2016 WL 1222247, at *8 (N.D. Ind. Mar. 28, 2016). Additionally, Plaintiffs filed another similar complaint which is in front of Judge Theresa Springmann, 4:16-cv-0040, which was dismissed without prejudice and Plaintiffs were granted time to file an amended complaint which complies with Rule 8 and the federal notice pleading standards.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally, the Court warned Plaintiffs that "if the allegations in the amended complaint do not comply with Rule 8 and the other requirements set forth in this order, the amended complaint will be dismissed with prejudice." (DE #4 at 5.)

The amended complaint, filed on June 13, 2016, has a section entitled "cause(s) of action with supporting facts" and Plaintiffs listed the following:

1. Child endangerment
2. Religious bias & anti-semitism
3. Open discriminatory practices
4. Human, civil & constitutional rights violations
5. Collusion and conspiracy
6. Perjury
7. Intentional harm to a child through improper diet
8. Malice
9. Terroristic Threats upon family (esp. against father)

* See paper work.

(DE #5 at 2.) Plaintiffs then attached 34 pages of confusing statements and jumbled facts.

A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and, "if they do not, the plaintiff pleads itself out of court."

4

*E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Twombly,* 550 U.S. at 569 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Court notes that Plaintiffs are appearing *pro se* in this matter. Generally, although "pro se litigants are masters of their own complaints" and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even *pro se* plaintiffs must "make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). They must "be presented with clarity sufficient to avoid requiring

5

a district court or opposing party to forever sift through its pages . . . ." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."). In sum, Rule 8 requires a complaint to be presented with "intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom*, 20 F.3d at 775.

In this case, despite this Court's previous warning and allowance of one amended complaint, Plaintiffs have still failed to connect relevant facts to recognizable civil causes of action. While Plaintiffs have recited lists after the defendants, they have not presented any relevant facts in a way that would intelligibly connect any of their recited examples of alleged wrongdoings of the defendants to recognizable causes of action. Plaintiffs have not satisfied the federal notice pleading standards in accordance with Rule 8.

Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the

6

alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (upholding court's decision to dismiss the case with prejudice). Moreover, due to the number of times Plaintiffs have made similar allegations in other cases without success, any additional amendment in this case would be futile. *Id.* at 797; *see also Holland v. CEO Countrywide Home Loans, Inc.*, No. 2:14-CV-5-TLS-PRC, 2014 WL 2617145, at *4 (N.D. Ind. June 12, 2014) (denying motion for leave to proceed in forma pauperis and dismissing complaint with prejudice).

For the reasons set forth above, the Court **DENIES** the motions to proceed in forma pauperis (DE ##2, 7) and **DISMISSES** the amended complaint (DE #5) **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).


**DATED: October 19, 2016**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**